| | | |
|---|---|---|
| BYRON JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:17-cv-00044-WTL-MJD |
| | ) | |
| RICHARD BROWN, | ) | |
| | ) | |
| Respondent. | ) | |

## Entry Denying Petition for a Writ of Habeas Corpus
## And Directing Entry of Final Judgment

Byron Johnson petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the imposition of sanctions in Indiana Department of Correction disciplinary proceeding number WVS 16-11-0003. Mr. Johnson, an inmate at the Wabash Valley Correctional Facility, lost sixty days of earned credit time, among other sanctions, when he was convicted of making threatening remarks. For the reasons explained below, his petition for habeas corpus is **denied**.

## I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v.*

*McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. Petitioner's Disciplinary Proceeding

Mr. Johnson was an inmate of the Wabash Valley Correctional Facility on November 7, 2016, as Officer Manley was preparing inmates for outside recreation. Mr. Johnson asked him whether he was on the list to go outside, and when told he was not, Mr. Johnson became irate and shouted vulgar comments to Officer Manley and other officers. Mr. Johnson's shouted comments included "I'll beat your ass if you open this door . . . " Dkt. No. 2-2 (Report of Conduct). Officer Manley prepared the Report of Conduct and charged Mr. Johnson with threatening, a Code B213 violation. *Id.*

Notice of the charge was provided to Mr. Johnson on November 14, 2016. Dkt. No. 10-3. Mr. Johnson requested two inmates provide evidence and each gave statements. Dkt. No. 10-3. Both inmates gave written statements that Mr. Johnson never threatened Officer Manley, and that Mr. Johnson did not say what Officer Manley alleged. Dkt. Nos. 10-4 & 10-5.

The disciplinary hearing was held November 17, 2016. Mr. Johnson gave a statement in his defense asserting the officer could not have known who was yelling because of the level of noise, and that he told Mr. Johnson that that he did not know who had threatened him. Dkt. No. 10-6. The hearing officer considered Mr. Johnson's statement, the staff reports, and the inmate witness statements. He found Mr. Johnson guilty and assessed sanctions.

Mr. Johnson appealed to the facility head, dkt. no. 10-7, and then to the Department of Correction Final Reviewing Authority. Dkt. No. 10-8. With these appeals being denied, Mr. Johnson filed this habeas corpus action.

## III. Discussion

### A.    Petitioner's Claims

Mr. Johnson presents four grounds for relief in his petition. The first ground asserts that there were violations of policy and procedure when Officer Manley did initially not sign the conduct report and another officer's witness statement was written on stationary. Therefore, he believes, the report of conduct should not have been processed.

The second ground for relief asserts that Officer Manley's supervisor, Sgt. Joyner, violated procedure by allowing the conduct report to go forward for prosecution in light of the procedural errors identified in the first ground for relief.

The third ground for relief asserts that screening officer McMillan approved the conduct report for prosecution despite knowing about the procedural errors made by Sgt. Joyner and Officer Manley.

Finally, the fourth ground for relief asserts that the hearing officer was not fair and impartial because (1) she allowed one of the witness officers to participate in the disciplinary hearing deliberation, and (2) she allowed Officer Manley to sign the conduct report in her presence and then initialed her approval.

Respondent has answered the petition. Mr. Johnson did not file a reply.

### B.    Analysis

Grounds 1-3 – Procedural Violations.

The first three grounds Mr. Johnson raised can be consolidated as one – that DOC employees failed to follow the proper DOC policies and procedures when they processed and prosecuted the conduct report against him. None of the technical procedural violations complained of were harmful or prejudicial to Mr. Johnson's ability to defend against the charge, and no due

process concerns are implicated. As mere procedural violations, they are not cognizable claims in a federal court habeas corpus action.

Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import – and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review.").

Mr. Johnson is not entitled to relief on any of the first three asserted grounds because the issues are not federal constitutional violations. See 28 U.S.C. § 2254.

<u>Ground 4 – Impartial Hearing Officer.</u>

Federal due process requires that the disciplinary hearing officer be fair and unbiased. Mr. Johnson argues in his petition that he was denied an impartial hearing officer. This claim, however, cannot warrant habeas corpus relief because it was not presented to the facility head and the final reviewing authority during the administrative appeal process. The appeals made by Mr. Johnson complain of a number of procedural errors, but he does not appeal the question of the hearing officer's impartiality.

In Indiana, only the issues raised in a timely appeal to the facility head and then to the Indiana Department of Correction appeals review officer or final reviewing authority may be raised in a subsequent petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). Mr. Johnson failed to exhaust the administrative appeals process as to his claim that his disciplinary hearing officer was not unbiased and impartial. Because the time to complete such administrative appeals process has passed, no habeas corpus relief can be granted.

Because none of the four grounds for relief presented by Mr. Johnson can warrant habeas corpus relief, his petition is **denied**.

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Johnson to the relief he seeks. Accordingly, Mr. Johnson's petition for a writ of habeas corpus must be **denied** and this action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 12/20/17

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Byron Johnson
188316
Indiana State Prison
One Park Row
Michigan City, IN 46360

Electronically Registered Counsel